```
             IN THE UNITED STATES DISTRICT COURT
                  NORTHERN DISTRICT OF TEXAS
                      FORT WORTH DIVISION

JOSEPH TARANTINO,                §
                                 §
         Plaintiff,              §
                                 §
VS.                              §   NO. 4:05-CV-569-A
                                 §
DAIMLERCHRYSLER FINANCIAL        §
SERVICES AMERICAS, LLC,          §
                                 §
         Defendant.              §
```

## MEMORANDUM OPINION
## and
## ORDER

After having considered the motion of defendant, DaimlerChrysler Financial Services Americas, LLC, to dismiss for failure to state a claim upon which relief can be granted, the response of plaintiff, Joseph Tarantino, to such motion, defendant's reply, and the remaining parts of the record of this action, the court has concluded that such motion should be granted.

Plaintiff's complaint[1] was filed in the District Court of Tarrant County, Texas, 48th Judicial District, on August 11, 2005. Defendant removed the case to this court by notice of removal filed September 7, 2005. Subject matter jurisdiction exists by reason of diversity of citizenship and amount in controversy.

---

[1] The pleading to which the motion to dismiss is directed was filed in state court, and bears the title "Plaintiff's Original Petition." For convenience, the court is referring to that document in this Memorandum Opinion and Order as a "complaint."

I.

<u>Allegations Made by Plaintiff in his Complaint</u>

The facts upon which plaintiff seeks to recover from defendant are, in their entirety, alleged in the complaint as follows:

III.

Plaintiff had been seeking employment from defendant since June 2003.

IV.

On August 11, 2003, at about 9:30 A.M., the Plaintiff, Joseph Tarantino, had been attending DaimlerChrysler's training class for over an hour and a half when the Defendant, Daimler-Chrysler, informed the Plaintiff that he was declined for employment.

V.

The Defendant, DaimlerChrysler, owed the Plaintiff, Joseph Tarantino, the duty to notify the prospective employee that he was declined for employment with the prospective employer.

VI.

The Defendant, DaimlerChrysler, breached the above duty of care by not notifying the Plaintiff, Joseph Tarantino, that he was declined for employment in a timely manner, which resulted in the plaintiff to change his position to his detriment.

VII.

The injuries sustained by the Plaintiff as a result of the breach of duty were solely caused by the negligence of the Defendant, DaimlerChrysler.

VII [sic].

As a direct and proximate result of the negligence, the Plaintiff, Joseph Tarantino, suffered damages.  The costs that the Plaintiff, Joseph Tarantino, incurred as a result of the negligence included $9,000 in lost wages, $3,000 in moving expenses, and $2,000 in other miscellaneous cost.

Compl. at 2-3.

## II.

### Defendant's Motion, Plaintiff's Response, And Defendant's Reply

Defendant asserts in its motion to dismiss that the facts alleged by plaintiff do not present a claim under Texas law upon which relief could be granted because no legal duty on the part of defendant would be breached even if the facts alleged in the complaint are accepted as true.

Plaintiff responds by making assertions that are outside the scope of the allegations in the complaint.  He says in his response that:  On two separate occasions defendant called him and offered him employment, asking each time if he could start a training class.  The first time that occurred, which was on July 11, 2003, plaintiff told defendant that he would prefer not to start the training class at that time, and obtained assurance from defendant that his chances of employment would not be hurt by a delay.  A few weeks later defendant called him a second time, again asking him if he could attend the session of the training class that was to start August 11, 2003.  He "accepted [defendant's] offer and began preparing for the transition."  Br. in Supp. of Resp. at 4.  Before August 11, 2003, defendant never notified plaintiff that he was declined for employment, "even after two separate phone calls of offering employment."  Id. at 5.  It was not until after he relocated to the Dallas area and started the training class with

defendant that plaintiff was informed by defendant that he was not officially employed.

In reply, defendant points out that plaintiff seeks in his response to raise unpleaded theories by stating facts that are outside the scope of the complaint. Nevertheless, defendant maintains, the newly alleged facts, even if accepted at face value, do not give rise to a claim by plaintiff against defendant.

### III.

### Analysis

The standards for deciding a motion to dismiss for failure to state a claim are well-settled. The court's task is to determine "not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). A complaint "should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957). The court construes the allegations of the complaint favorably to the pleader. Scheuer, 416 U.S. at 236. However, the court does not accept conclusory allegations or unwarranted deductions of fact as true. Tuchman v. DSC Communications Corp., 14 F.3d 1061, 1067 (5th Cir. 1994); Guidry v. Bank of LaPlace, 954 F.2d 278, 281 (5th Cir. 1992).

Giving the plaintiff the benefit of every doubt, the allegations of the complaint do not state any claim against defendant upon which relief could be granted.  Plaintiff has not called the court's attention to any legal authority that defendant had a duty to plaintiff to notify him that he was declined for employment, and the court is unaware of any such authority.  Absent such a duty, there can be no finding of negligence on the part of defendant.

Even if plaintiff were given the benefit of the unalleged facts he states in his response, the outcome would be the same.  He does not state any facts in his response that would give rise to violation of any duty owed by defendant to him.  The court concurs in the analyses given by defendant in its reply brief as to why none of the newly asserted facts state a cause of action against defendant.

## IV.

## Order

For the reasons stated above,

The court ORDERS that defendant's motion to dismiss be, and is hereby, granted, and that the above-captioned action, and all claims plaintiff purports to assert against defendant therein, be, and are hereby, dismissed.

SIGNED December 20, 2005.

                                          /s/ John McBryde
                                        JOHN McBRYDE
                                        United States District Judge